IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLOBALTAP LLC, | |
| Plaintiff, | Civil Action No. 1:13-CV-00632 |
| v. | The Honorable Rebecca R. Pallmeyer |
| ELKAY MANUFACTURING COMPANY, | |
| Defendant. | |

**ELKAY MANUFACTURING COMPANY'S
MOTION TO COMPEL GLOBALTAP, LLC TO
SUPPLEMENT ITS DEFICIENT INTERROGATORY RESPONSES**

Defendant Elkay Manufacturing Company ("Elkay"), through its undersigned attorneys and pursuant to Rules 26 and Rule 37(a) of the Federal Rules of Civil Procedure, hereby respectfully moves this Court to compel Plaintiff GlobalTap, LLC ("GlobalTap") to supplement its deficient discovery responses, and if it fails to do so, Elkay requests that this Court dismiss GlobalTap's claims with prejudice.  In support of this Motion, Elkay states as follows:

**INTRODUCTION**

This Motion arises out of Plaintiff GlobalTap's failure to squarely answer the most basic interrogatories regarding the specific nature of its claimed trade secrets and the purported damages it suffered.  As fact discovery was set to close in this case, Elkay requested, on November 15, 2013, that GlobalTap supplement its interrogatory responses in a timely fashion. GlobalTap initially "punted" on the responses when they were served in May 2013, by identifying overly expansive "trade secrets" and raising boilerplate objections, merely responding that discovery and its investigation was ongoing.  Thus, after several months of discovery, which included the exchange of thousands of documents and nearly 10 depositions, Elkay renewed its requests and demanded that GlobalTap supplement its responses. GlobalTap

16580892v.2

ignored Elkay's requests for supplementation, and now, over one month later, the interrogatory responses remain deficient.

GlobalTap's refusal to respond seriously prejudices Elkay's ability to defend against what Elkay contends is an utterly meritless case, and which is forcing Elkay to expend significant financial resources. Accordingly, for the reasons set forth more specifically below, Elkay respectfully requests that this Court order GlobalTap to supplement its responses within seven (7) days of the Court's ruling on this Motion, or face dismissal, with prejudice, of its case.

## FACTUAL BACKGROUND

### GlobalTap's Allegations

On January 25, 2013, GlobalTap filed this action against Elkay alleging, among other things, breach of the parties' Sales and Distribution Agreement, breach of the parties' Confidential Disclosure Agreement and violation of the Illinois Trade Secrets Act. With respect to its trade secret misappropriation claim, GlobalTap alleged that Elkay misappropriated and misused certain trade secrets belonging to GlobalTap, which were allegedly set forth in a confidential business plan provided to Elkay through their contractual relationship. Elkay vehemently disputes every one of GlobalTap's claims. For starters, Elkay disputes that the so-called 101-page business plan contained actual trade secrets or that they were misappropriated. Elkay also denies that it breached any of the contracts between the parties.

### Elkay's Discovery Requests

In order to probe GlobalTap's allegations, Elkay issued interrogatories in accordance with the parties' discovery schedule, asking GlobalTap to identify, in specific detail, all confidential information or trade secrets GlobalTap alleged Elkay misused. (*See* Elkay First Set of Interrogatories No. 4, attached hereto as Exhibit A). Elkay also asked GlobalTap to identify

16580892v.2

its damages allegedly suffered by GlobalTap as a result of Elkay's alleged conduct as well as revenues realized by GlobalTap from the outdoor bottle filling apparatus. (*Id.*, Nos. 15 and 17).

### GlobalTap's Failure To Identify Trade Secrets

In response to Elkay's request as to the specific trade secrets that were purportedly misappropriated (No. 4), Global Tap vaguely referenced "business, marketing and financial models, user results, problems with the unit, and design refinement ideas including design changes and new derivatives," along with a "101-page business plan," "renderings of the cane design described in the '348 patent," "confidential business plans," and "multiple design concepts." (*See* GlobalTap's discovery responses No. 4, attached as Exhibit B). GlobalTap also noted that discovery is ongoing and reserved its right to supplement the interrogatory.

Clearly, not everything identified in the interrogatory response could constitute a protectable trade secret under Illinois law. Accordingly, in an attempt to drill down into the specifics of GlobalTap's claim, Elkay asked Mr. Whitman, GlobalTap's sole member, repeatedly during GlobalTap's 30(b)(6) deposition to identify with specificity the alleged trade secrets at issue here. When testifying as the corporate representative of GlobalTap, Mr. Whitman maintained that everything contained in the GlobalTap 101-page business plan provided to Elkay, including information readily available to the public, was a GlobalTap trade secret. Specifically, Mr. Whitman testified as follows:

> Q. . . .Then looking at Exhibit 22, pages 4313, what trade secrets are contained on that page?
>
> A. As I mentioned, it's -- I'm just pointing out that it's clearly written that this is GlobalTap's growth strategy and it's confidential and proprietary, but I don't -- and just symbolizing that this entire document is a trade secret and it's confidential.
>
> Q. Is everything in this document trade secret and confidential information that you conveyed to Elkay?

16580892v.2

> A. Yes.
>
> Q. Every word in it, from beginning to end?
>
> A. Yes, everything in here is confidential and proprietary and incorporates my methods, strategies, market information, designs, technology, processes, et cetera, that are the core of what GlobalTap's trade secrets are. . . .
>
> Q. . . . Is the information contained on page 4319 all public? Was it all public at the time?
>
> A. It's – it was public at the time, but as part of this document and as a – as background material to – that led to the development of GlobalTap's business, it was considered to be a trade secret.
>
> Q. So your position is any information that you may have taken out of the public domain and put into this document, that becomes trade secret information involving GlobalTap, is that right?
>
> A. Yes. . . .
>
> Q. . . . I'll try it again. Page 4329, what if anything on this page is trade secret information of GlobalTap that you say was conveyed to Elkay?
>
> A. Everything . . . As I mentioned before, everything in both of these documents are trade secrets.
>
> Q. . . . So GlobalTap is taking the position that everything that we see represented in Exhibit 22 as set forth in that exhibit is a trade secret of GlobalTap? . . .
>
> A. Yes.

(30(b)(6) deposition October 17, 2013, 28:10-29:3; 38:21-39:8; 46:23 – 47:19, excerpts attached hereto as Exhibit C).

### GlobalTap's Failure to Identify Damages

Elkay's Interrogatory No. 15 asked GlobalTap to identify all damages and/or damages calculations that GlobalTap allegedly suffered as well as GlobalTap's efforts to mitigate those damages. (Ex. A, No. 15). In the same vein, Elkay's Interrogatory No. 17 asked GlobalTap to identify all revenues it realized as a result of sales of outdoor bottle filling stations, including

4

documents establishing GlobalTap's costs of goods, cost to manufacture, cost of sales and net profit. (*Id.*, No. 17). Once again, GlobalTap provided no substantive response whatsoever, instead raising boilerplate objections that the requests are premature, discovery is ongoing and it will supplement at a later date. Moreover, GlobalTap provided no documents that were responsive to the issue of damages. (*See* Ex. B, Nos. 15, 17).

### GlobalTap Fails To Supplement Or Meet And Confer

On November 15, 2013, counsel for Elkay sent GlobalTap's then-counsel an email correspondence requesting that GlobalTap supplement its interrogatory responses on or before November 22, 2013, three days prior to the close of discovery. (*See* November 15, 2013 email correspondence, attached hereto as Exhibit D). On November 25, 2013, then-counsel for GlobalTap requested, and counsel for Elkay agreed to, an extension of time to supplement GlobalTap's discovery responses, thereby making the supplemental responses due on or before December 10, 2013. (*See* November 25, 2013 email correspondence, attached hereto as Exhibit E).

Shortly thereafter, on December 2, 2013, this Court granted counsel for GlobalTap's motion to withdraw. On December 5, 2013, counsel for Elkay sent an email correspondence to Daniel Whitman, as President and sole member of GlobalTap, advising him of GlobalTap's obligation to supplement its interrogatory responses and of the deadline of December 10, 2013 for those supplemental answers. (*See* December 5, 2013 email correspondence, attached hereto as Exhibit F).

Elkay's counsel did not receive a response from Mr. Whitman to its December 5, 2013 email. Despite GlobalTap's one-time agreement, and obligation, to supplement, Elkay has never received any supplements to GlobalTap's discovery responses. Specifically, Elkay has been

5

provided no additional information relating to GlobalTap's specific trade secrets, or its damages or revenue.

Elkay respectfully submits that the current motion was filed in good faith after reasonable efforts by Elkay to resolve the issues identified herein, in compliance with Rule 37. The reasonable efforts Elkay has taken to meet and confer with GlobalTap on these issues are reflected in the correspondence attached hereto.

## ARGUMENT

### I. GlobalTap Failed to Identify Its Trade Secrets

GlobalTap's refusal -- and indeed, its inability -- to identify its trade secrets at this phase of the lawsuit is unacceptable and warrants dismissal of its claims. Pursuant to Illinois law, GlobalTap is required to identify its trade secrets with specificity. *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583-84 (7th Cir. 2002) (granting summary judgment on plaintiff's trade secrets claim, after concluding that plaintiff failed to identify the trade secrets with any specificity). Clearly, the identification of the specific trade secrets allegedly misappropriated and/or misused is crucial to GlobalTap's ability to prove its claim and Elkay's defense to such a claim. *Id.* GlobalTap's vague reference to a 101-page document falls far short of its obligation to identify specifically what GlobalTap's trade secrets are at this phase. *Id.* at 584 (finding that "a 43-page description of the methods and processes underlying and in the inter-relationships among various features making up IDX's software package" was not specific enough with respect to trade secret identification because such a broad assertion did not "match up to the statutory requirement"). In sum, GlobalTap failed to identify any particular trade secrets in its interrogatory responses, failed to identify any particular trade secrets in the deposition of Daniel Whitman, and, when given the opportunity to supplement, refused to do so.

16580892v.2

## II. GlobalTap Failed To Identify Its Damages

In addition, GlobalTap has consistently failed to meet its discovery obligations to provide specific information related to damages. Pursuant to Rule 26(a)(1)(A)(iii), a party is required to provide a computation of each category of damages claimed as well as make available for inspection the documents or other evidentiary material on which each computation is based, including materials bearing on the nature and extent of the injuries suffered. Fed. R. Civ. P. 26. GlobalTap has never provided Elkay with any specific damages information pursuant to Rule 26(a)(1)(A)(iii). Moreover, GlobalTap failed to answer or supplement Elkay's specific discovery requests on the topic. Now that fact discovery is essentially closed (save for expedited discovery on the unrelated spoliation issue), Elkay is left with no information or documents related to GlobalTap's alleged damages.

For these reasons, Elkay respectfully requests that GlobalTap be ordered to supplement its deficient interrogatory responses.

## III. Should GlobalTap Fail To Comply, Dismissal With Prejudice Is Warranted

GlobalTap's failure to provide any evidence related to its claimed damages is fatal to GlobalTap's claims, and Elkay fully intends to address this failure through a motion for summary judgment. *See Shore v. Motorola, Inc*., 210 F.3d 376, 2000 WL 51143, *4 (7th Cir. 2000) (granting summary judgment in favor of defendant because Shore could not "establish that he sustained damages" and failed to "provide a reasonable basis for computing those damages").

Yet, if GlobalTap fails to supplement its responses, Elkay should not need to expend more resources by filing a motion for summary judgment. Instead, Elkay respectfully requests that, if GlobalTap fails to supplement its interrogatory responses, this Court dismiss GlobalTap's

7

claims, with prejudice, pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure.

Rule 37 provides in pertinent part that,

> If a party…fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: …
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part; …
>
> (v) dismissing the action or proceeding in whole or in part; [or]
>
> (vi) rendering a default judgment against the disobedient party; …
>
> (C) Instead of or in addition to the orders above, the court must order the disobedient party … to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2). The choice of an appropriate sanction is the responsibility of the district court and reversed only upon a finding of an abuse of discretion. *Hindmon v. National-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 620 (7th Cir. 1982); *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577 (7th Cir. 1981) (district court did not abuse its discretion in dismissing plaintiff's patent infringement suit for failure to produce relevant documents). While the power to sanction via dismissal is one "which should be exercised with great care," it is a power that is "essential to a court's ability to efficiently manage its caseload." *Lewis v. School Dist. No. 70*, 648 F.3d 484, 488 (7th Cir. 2011). Under Rule 37(C), Elkay also seeks its reasonable expenses and attorneys' fees expended in connection with briefing and arguing this Motion.

Dismissal is similarly appropriate under Rule 41 of the Federal Rules of Civil Procedure. Rule 41(b) provides in pertinent part that, "[f]or failure of the plaintiff to prosecute or to comply

with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The Rule establishes "the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (upholding district court's dismissal of plaintiff's civil rights lawsuit based upon his refusal to attend final pretrial conference).

WHEREFORE, for all the forgoing reasons, Elkay respectfully requests that this Court enter an Order granting Elkay's Motion to Compel and ordering GlobalTap to supplemental its discovery responses within seven (7) days of entry of the Court's Order, and awarding Elkay any further relief as the Court deems just and appropriate under the circumstances. Elkay further requests that this Court give GlobalTap notice that should it fail to comply with the requested Order, GlobalTap's claims will be dismissed with prejudice. Finally, Elkay requests that should GlobalTap fail to comply with the Court's Order, that this Court dismiss GlobalTap's claims with prejudice and grant Elkay its reasonable costs and attorneys' fees incurred in connection with this Motion, along with any other relief that is just and appropriate under the circumstances.

16580892v.2

**DATED:  December 24, 2013**  Respectfully submitted,

ELKAY MANUFACTURING COMPANY


By:  /s/ Kristine Argentine
     One of Its Attorneys


Michael H. Baniak
Molly M. Joyce
Vincent M. Smolczynski
Kristine R. Argentine
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois  60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

10

16580892v.2

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 24th day of December, 2013, a copy of the foregoing **ELKAY MANUFACTURING COMPANY'S MOTION TO COMPEL** on behalf of the Defendant Elkay Manufacturing Company was delivered by ECF to the District Court for the Northern District of Illinois. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. In additional a copy of the filing was sent to the following via email:

Daniel H. Whitman
danielhwhitman@globaltap.com

Cantwell & Cantwell
Peter Cantwell, Esq.
Thomas J. Nitschke, Esq.
30 North LaSalle Street, Suite 2850
Chicago Illinois 60602
tomn@cc-legal.com
peterc@cc-legal.com

                /s/ Kristine Argentine

16580892v.2